USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**LEATHER GOODS, PLASTICS, HANDBAGS AND NOVELTY WORKERS' UNION LOCAL 1, JOINT RETIREMENT FUND,**

                              **Plaintiffs,**

-against-

**SIBEAU HANDBAGS, INC. et al.,**

                              **Defendants.**

1:23-cv-06423 (ALC)

**ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiffs, the Leather Goods, Plastics, Handbags And Novelty Workers' Union Local 1, Joint Retirement Fund ("Fund" or "Plaintiff"), an employee pension benefit plan within the meaning of Section 3(2)(A) of ERISA bring this withdrawal liability action by their Trustee against Sibeau Handbags, Inc. ("Sibeau" or "Defendant"), a New York corporation required by a collective bargaining agreement to make and made contributions to the Fund. Complaint, ECF No. 1 ¶¶ 9, 12, 15, 17.[1] After Plaintiff obtained a Certificate of Default from the Clerk of the Court, they made the instant motion for default judgment against Defendant. *See* ECF Nos. 12, 14. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

**BACKGROUND**

**I.     Factual Background**

---

[1] Plaintiff also brings this action against fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10 representing any other corporation or individual under common control and jointly liable with Defendant for amounts due. Because we grant Plaintiff's motion for default judgment as to Defendant and dismiss the Complaint as against the fictional entities and individuals without prejudice, this order considers only the single Defendant.

Plaintiff is a multiemployer pension plan to which Defendant is required, by the terms of a collective bargaining agreement it entered into, to make and made contributions. Complaint, ECF No. 1 ¶ 15. Plaintiff became insolvent following a mass withdrawal of all its contributing employers on December 13, 2013. *Id.* at ¶¶ 10, 16. Defendant withdrew from the Fund by ceasing all covered operations and permanently ceasing all obligations to contribute to the Fund. *Id.* at ¶ 17.

On May 28, 2014, Plaintiff notified Defendant that its reallocation liability had been calculated and that Defendant should continue to remit quarterly installments of $6.70 as set out by the Plan's schedule. *Id.* at 19. On May 13, 2019, following Defendant's failure to timely cure the missed payments, Plaintiff notified Defendant that it was in default of its withdrawal liability. *Id.* at ¶ 20. On August 23, 2019, Plaintiff notified Defendant that it had elected to accelerate Defendant's entire withdrawal liability, $545,303.80, pursuant to 29 U.S.C. § 1399(c)(5). *Id.* at ¶ 21. Defendant remains in default, has never requested a review, commenced arbitration, or remitted any payment in connection with its default. *Id.* at ¶¶ 22-23.

**II.   Procedural History**

Plaintiff initiated this action on June 25, 2023 and properly served the Defendant on August 23. 2023. ECF Nos. 1, 6. Defendant's answer was due on September 8, 2023. *Id*. On September 22, 2023, the Clerk of the Court entered a Certificate of Default to indicate that Defendant had not filed an answer or otherwise moved with respect to Plaintiff's complaint. ECF No. 12. Having received a Certificate of Default from the Clerk of the Court, Plaintiff moved for default judgment against Defendant on September 27, 2023. ECF No. 14. The Court then issued an Order to Show Cause directing Plaintiff to serve a copy of that Order on Defendant no later than October 11, 2023, and ordering Defendant to show cause in writing, by October 27, 2023, as to why an Order entering

default judgment should not be issued, pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 23. Defendant was clearly warned that failure to comply with the Order to Show Cause would result in a default judgment against them. Defendant failed to respond. On October 6, 2023, Plaintiff served the Order to Show cause and the papers upon which it was based on Defendant. *See* Certificate of Service, ECF No. 24.

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation–other than the one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*,

3

577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

## DISCUSSION

In light of Defendant's default, the Court accepts as true the well-pleaded allegations in the Complaint, with the exception of those allegations relating to damages. *See Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC*, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.") (internal citations, alterations, and quotation marks omitted).

Defendant's cessation of operations covered by the collective bargaining agreements and coinciding cessation of contribution obligations to the Fund effected a complete withdrawal from the fund within the meaning of 29 U.S.C. § 1383(a). *See Ret. Fund of Local 1482 Paint v. N. Adhesives, Inc.*, No. 22 CV 5850 (HG)(RML), 2023 U.S. Dist. LEXIS 106678, at *6 (E.D.N.Y. June 20, 2023) (finding that a "permanent[] ce[ssation] of operations covered by the collective bargaining agreement and premanent[] ce[ssation] to have an obligation to contribute to the Retirement Fund .

. . effect[s] a complete withdrawal from the Retirement Fund within the meaning of 29 U.S.C. § 1381(a)."). Defendant therefore became liable to the Fund for withdrawal liability pursuant to 29 U.S.C. § 1381. *See id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Default Judgment as to liability is **GRANTED**. Subsequently, Plaintiff's request to dismiss this action against fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10 representing any other corporation or individual under common control and jointly liable with Defendant is **GRANTED** without prejudice.

**SO ORDERED.**

Dated:   November 7, 2023
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**